**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Cesar Gomez-Maldonado, *a Minor*, )<br>(Agency No. A98 666 843) )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>M. YVONNE EVANS, Chief of the )<br>Juvenile and Family Residential )<br>Management Unit of the Detention and )<br>Removal Operations for the Bureau of )<br>Immigration and Customs Enforcement in )<br>the Department of Homeland Security, )<br>THE BUREAU OF IMMIGRATION AND )<br>CUSTOMS ENFORCEMENT and THE )<br>DEPARTMENT OF HOMELAND )<br>SECURITY, )<br>)<br>Defendants. )<br>) | No. 07 C 6657<br><br>Judge Hart<br><br>Magistrate Judge Cox |

**PLAINTIFF CESAR GOMEZ-MALDONADO'S EMERGENCY MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Cesar Gomez-Maldonado ("Cesar") respectfully submits this motion for a temporary restraining order and a preliminary injunction requiring the defendants (collectively "DHS") to consent to state juvenile court jurisdiction over Cesar's petition for a dependency order and prohibiting DHS from denying Cesar's petition for Special Immigrant Juvenile ("SIJ") status on the grounds that the juvenile court lacked jurisdiction or that the dependency order was otherwise invalid.

In support of this motion, Cesar submits a memorandum of law and accompanying exhibits.

In support of this motion, Cesar states:

1.	Cesar's need for emergency injunctive relief is acute. Cesar was abandoned by his parents at the age of seven, and he is "stateless." He does not know where he was born, and Mexico, Guatemala, and El Salvador have all concluded that he is not a national. Consequently, if Cesar is ordered removed, he will have no country to be removed *to*, resulting in Cesar's physical detention in the U.S, possibly for the remainder of his life.

Cesar may obtain relief from the current condition in which his childhood of abuse and abandonment has left him through a SIJ Visa. Before Cesar may even apply for SIJ status, he must obtain a dependency order for being abused, neglected, or abandoned from a state juvenile court. Under Illinois law, Cesar will be ineligible for a dependency order from state juvenile court once he reaches the age of eighteen on January 15, 2008.

Because Cesar was taken into DHS custody upon his arrival in the U.S., DHS must first consent to state juvenile court jurisdiction over Cesar's petition for a dependency order, or else the dependency order would be invalid. Cesar requested DHS's consent to state court jurisdiction on December 19, 2006. Despite meeting the statutory and agency criteria for obtaining DHS's consent, DHS has repeatedly refused to grant consent for state juvenile court jurisdiction. Cesar submitted his most recent request for reconsideration on September 14, 2007, and to date, DHS has not responded.

In the interim, Cesar is precluded from even beginning the process of seeking SIJ status, and he will suffer irreparable harm if a temporary restraining order and preliminary injunction are not entered (1) requiring DHS to consent to state juvenile court jurisdiction over Cesar so that he may pursue a dependency order and (2) prohibiting DHS from denying Cesar's petition for SIJ status on the grounds that the juvenile court lacked jurisdiction or that the dependency order was otherwise invalid.

2. Cesar has met each of the elements necessary for issuance of a temporary restraining order or preliminary injunction because he establishes (1) likelihood of success on the merits; (2) irreparable harm; (3) inadequate remedy at law; (4) that the balance of hardships favors issuing injunctive relief; and (5) that the public interest would be served. *See Foodcomm Int'l v. Barry*, 328 F.3d 300, 303 (7th Cir. 2003).

3. Cesar will likely succeed on the merits of his complaint for declaratory judgment. DHS failed to lawfully implement the INA in its denials of consent; it failed to follow federal court decisions when basing its denials on a credibility determination without interviewing Cesar even once in a period of eleven months; and it failed to follow its own internal guidelines.

4. As a result of DHS's denials of specific consent, based on unsupported and untested doubts as well as misapplications of the INA and disregard for federal court decisions, Cesar will suffer irreparable harm to his personal liberty and legal identity, including the following: Cesar will not have the opportunity to apply for SIJ status; Cesar will not have this opportunity to gain legal legitimacy in the U.S.; Cesar will not have this opportunity to gain physical freedom; instead, Cesar will likely be ordered removed but without a country that will accept him, seventeen-year-old Cesar would face a lifetime without any legal identity or status while existing in indefinite detention here in the U.S. Cesar has no adequate remedy at law to redress these injuries.

5. The balance of hardships favors Cesar. On one hand, the harm that Cesar faces if expedient injunctive relief is not granted will be irreparable because he will permanently lose the opportunity to apply for SIJ status. On the other hand, the issuance of a temporary restraining order and preliminary injunction will do nothing more than require DHS to comply with the INA, federal case law, and its internal guidelines.

6.	Finally, it is in the public interest to issue the temporary restraining order and preliminary injunction, thereby enabling the SIJ provision to serve its intended beneficiaries-- abused, neglected, or abandoned children.

**WHEREFORE,** Cesar respectfully requests that the Court:

(1)	Issue a temporary restraining order and a preliminary injunction

    (a)	requiring DHS to grant specific consent for the state juvenile court to have jurisdiction over Cesar's petition for a dependency order, and

    (b)	prohibiting DHS from denying Cesar's petition for SIJ status on the grounds that the juvenile court lacked jurisdiction or that the dependency order was otherwise invalid.

(2)	Grant Cesar such other and further relief as the Court deems just and proper.

Dated: November 27, 2007                                  Respectfully submitted,

                                                                    By:	s/Howard S. Suskin
                                                                        One of Plaintiff's Attorneys

Howard S. Suskin (# 6185999)
Grace S. Ho (# 6293010)
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Telephone: 312 222-9350
Facsimile: 312 527-0484