# EXHIBIT K

INDIANA UNIVERSITY



SCHOOL OF LAW
INDIANAPOLIS

John Pogash
National Juvenile Coordinator
U.S. Immigration and Customs Enforcement
Office of Detention and Removal Operations
801 I Street, NW, Suite 800
Washington, D.C. 20536

March 20, 2007

**REQUEST TO SUPPLEMENT & RECONSIDER
PETITION FOR SPECIFIC CONSENT TO RELINQUISH SIJ**

RE: Cesar GOMEZ- MALDONADO
    A# 98-666-843
    Juvenile, Detained
    DOB: January 15, 1990 (will turn 18 years of age January 15, 2008)

Dear Mr. Pogash,

    In my letter to you of December 19, 2006, I requested that DHS consent to the state juvenile court's exercise of custody jurisdiction over the above referenced child who is currently being detained by DHS at the Southwest Regional Youth Village in Vincennes, Indiana. (Hereinafter Respondent Initial Request letter of December 19, 2006). In a letter dated February 14, 2007 your office declined to relinquish custody. (Hereinafter Pogash Denial letter of February 14, 2007) Having had the opportunity to review your decision, I am writing in the hopes that you reconsider in light of some supplemental information.

**BASIS OF DHS DENIAL OF CONSENT OF FEBRUARY 14, 2007**

    In your analysis of our request that DHS consent to state custody of Cesar Gomez-Maldonado, you stated that "The evidence submitted in this case does not sufficiently establish that Cesar is eligible for SIJ status." (Pogash letter of February 14, 2007). Your letter cited two reasons that insufficient evidence was provided:

1. Failure to submit sufficient proof of age or identity pursuant to 8 CFR 204.11(d)(1).

2. No evidence of abuse and abandonment apart from Cesar's "self-serving statements."

OFFICES OF THE FACULTY

Lawrence W. Inlow Hall
530 West New York Street
Indianapolis, Indiana
46202-3225

317-274-8523
http://indylaw.indiana.edu

1

## RECONSIDERATION OF REASONS FOR DENIAL

### 1. SUFFICIENT PROOF OF AGE HAS BEEN PROVIDED BY ORR WHICH MEET SIJ REGULATION STANDARDS AND INTENT; AND THE REGULATIONS DO NOT REQUIRE PROOF OF IDENTITY

It is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" to insist that Cesar submit foreign documentation of age or identity. Administrative Procedures Act ("APA"), 5 USC §§ 704-706, *Citizens to Preserve Overton Park, Inc. V. Volpe, 401 U.S. 402, 416, abrogated on other grounds by Califano v. Sanders, 430 U.S. 99, 105 (1977)*.

### A. Sufficient Proof of Age Has Been Provided By ORR Which Meets Regulation Standards

In your letter of February 14, 2007 you state "Cesar has failed to submit sufficient proof to establish his age or his identity, as is required by 8 CFR § 204.11(d)(1)." In support of your position that insufficient proof of age or identity has been provided, you then erroneously state that 8 CFR § 204.11(d)(1) "requires that an alleged juvenile's age be verified by a birth certificate, passport, or official foreign identity document" and that Cesar has failed to submit any such documentation. (Pogash Denial Letter of February 14, 2007).

While it is true that Cesar has not submitted any foreign documentation as to his age, <u>8 CFR § 204.11(d) (1) does not insist that only foreign documentation may confirm age.</u> Your cite to 8 CFR § 204.11(d)(1) was incomplete. In regards to proof of age, 8 CFR § 204.11(d)(1) states <u>in full</u>:

> Documentary evidence of the alien's age, in the form of a birth certificate, passport, official foreign identity document issued by a foreign government, such as a Cartilla or a Cedula, *or other document which in the discretion of the directory establishes the beneficiary's age*; 8 CFR 204.11(d)(1) (emphasis added)

Cesar has provided an acceptable "other document" to establish age which should be accepted in your discretion. 8 CFR §204.11(d)(1). As you are aware, Cesar's age was not confirmed at the time of my original request of December 19, 2006. In fact, at that time, ORR was operating under the assumption that Cesar's date of birth was January 15, 1989. However, a dental exam completed prior to January 15, 2006 (which would have been his 18th birthday) found that Cesar was significantly younger. (Exhibit A, Dental Exam of Forensic Odontologist Kenney,

2

January 10, 2007).

As a result of the dental exam, on January 29, 2007, Maureen Dunn, the Director of the Division of Unaccompanied Children Services (DUCS), forwarded an e-mail to you, myself and several other individuals. Such e-mail indicated that DUCS now accepts Cesar's birthdate as January 15, 1990. (Exhibit B, E-Mail of Maureen Dunn, DUCS Director, of January 10, 2007).

As Director Dunn stated in such e-mail,

> From the forensic evidence, I determined that he is 17 years old. The boy remembers his mother telling him that January 15this his saint's day and that is the date he has always used to mark his birthday. Therefore, Cesar Gomez-Maldonado's birth date is January 15, 1990. (Exhibit B, E-Mail of Maureen Dunn, DUCS Director, of January 10, 2007).

Given that a forensic odontologist and the Director of DUCS have determined an age an date of birth for Cesar, it seems reasonable to request that these two sources be relied upon by you as a matter of discretion in accepting Cesar's age as 17 and date of birth as January 15, 1990.

Consequently, I ask that you reconsider and find that Cesar has submitted proof of age that meets the regulatory requirements of 8 CFR § 204.11(d).

### B. 8 CFR 204.11(d) Does Not Require Proof of Identity

In your denial of February 14, 2007 you state that "Cesar has failed to submit sufficient proof to establish his age or his identity, as is required by 8 CFR § 204.11(d)." (Pogash Denial Letter of February 14, 2007). Such statement misreads the law and is therefore "not in accordance with the law."

There is no language in 8 CFR § 204.11(d) that requires the applicant submit proof of identity. As the language of 8 CFR § 204.11(d) reflects above, the section requires only that the applicant submit sufficient proof as to age. 8 CFR §204.11(d)(1) As further indicated above, we believe that DUCS and the forensic odontologist's documentation as to age meets the regulatory requirement. (See supra, section a). Consequently, no further documentation is required to satisfy 8 CFR § 204.11(d).

In light of the fact that 8 CFR § 204.11(d), does not require proof of identity we ask that you reconsider your denial based upon this explicitly erroneous reading of the regulation.

### C. It Contradicts the Specific Language and Intent of SIJ to Demand Foreign Documentation

It is further "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" to insist on foreign documentation of age and identity because such insistence on foreign documentation fails to account for the true intent behind SIJ. SIJ status is intended to provide relief to children who have been abused or abandoned. By definition, it is therefore fully anticipated that such children will include children, such as Cesar, who have no ability to prove exactly where they are from or when they are born. The regulations certainly anticipate that by providing that "other documentation" of age apart from foreign documentation can be submitted and by not demanding foreign documentation to establish identity. 8 CFR § 204.11(d)(1).

To otherwise insist on foreign documentation of age or identity for the most truly abandoned or abused class of children is wholly inconsistent with the SIJ's underlying purpose and therefore not in accordance with law.

## 2. CESAR HAS PROVIDED SUFFICIENT CREDIBLE EVIDENCE AS TO HIS ABUSE AND ABANDONMENT

### A. It is An Abuse of Discretion to Make An Unsupported Adverse Credibility Determination

As the second reason for denying consent in Cesar's case, you state

"although you allege that Cesar had been physically abused by his parents and abandoned by them, no evidence has been provided to support this allegation, other than Cesar's self-serving statements. Taken as a whole, Cesar's inconsistent and contradictory statements regarding his nationality; his alleged lack of knowledge of his date of birth; and the lack of information regarding his parent's identity, substantial doubt remains about his true identity." (Pogash Denial Letter of February 14, 2007)

We would respectfully submit that Cesar's statements have been entirely credible and consistent. Nowhere in your letter do you indicate any support for your statement that Cesar has been "inconsistent and contradictory."

4

While the respondent may have the burden of establishing his credibility, a finding that he is not credible can not simply be a bare assertion, unsupported by any evidence. The courts have struck down consent denials as an abuse of discretion when they are based upon adverse credibility determinations that are not supported by any evidence. See e.g. .Zheng v. Pogash, 416 F. Supp. 550, 558-59 (S.D. Tex, 2006).

Such unsupported adverse Credibility determinations are also routinely struck down in the asylum context, in which the respondent also has the burden of establishing his credibility. Giday v. Gonzales, 2006 U.S. App. LEXIS 127 (7th Cir. 2006) ("We cannot uphold Credibility assessments unmoored from the record, based on nothing but the immigration judge's personal speculation or conjecture'); Butt v. Gonzales, 429 F.3d 430, 436-37 (3d Cir. 2005) (adverse credibility determinations that are based on general and conclusory statements will not be sustained); Zahedi v. INS, 222 F.3d 1157, 1165 (9th Cir. 2000); (credibility determinations must be "based on specific, cogent reasons that bear a legitimate nexus to the finding); Wiransane v. Ashcroft, 366 F.3d 889, 898 (10th Cir. 2004) ("must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any state disbelief).

**B. Original Documentation Provides Credible Evidence That Cesar Was Abused And Abandoned By His Parents.**

First, in response to your remark that Cesar's statements are "self-serving." It is conceded that in any legal setting, testimony given on one's on behalf is by definition, self-serving. However, that recognition does not end the inquiry. Instead, it makes it incumbent upon any fact finder such as yourself to evaluate the evidence and testimony provided.

In contrast to your unsupported adverse credibility determination, the record provided clearly supports that Cesar has credibly established that he was abused and abandoned by his parents at the early age of approximately seven.

In the original request we submitted nine (9) exhibits in which Cesar consistently stated that he was abandoned by his abusive parents at the age of seven. Many of such documents were written by counselors whose own statements clearly reflect that they believe Cesar has given a credible account of his abuse and abandonment. Such documents are the following:

## DOCUMENTATION OF ABUSE AND ABANDONMENT

a.   In his first Psychosocial Assessment (Respondent Initial Request Letter of December 19, 2006, Exhibit 3), Cesar's abandonment, abused condition and uncertainty of his alienage or date of birth were clearly reported. The report reflects:

> "[Cesar's] parents used to abuse drugs and alcohol and they used to live in the street. Parents abandoned him when he was 7 years old. He used to go to the house of a Guatemalan family; they used to give him food after a year, he said they were poor and did not help him anymore; he continues living in the streets. Minor said when he was 11 years old he began to work in different places as ranchos picking papayas and he was taking care of him [sic]. He did not know if he had brother [sic], sisters or any other family. *He did not know where or when he was born. Only one time on the anniversary of a saint his mother told him he was born in his day [sic], so he said he is 17 years old on that day.* (Emphasis added)

b.   Cesar has repeatedly indicated his inability to provide his nationality, age and his long life of abandonment and abuse. In his Admission Assessment ((Respondent Initial Request Letter of December 19, 2006, Exhibit 4), when asked "Please describe your typical day in your *home country*"(emphasis added) , Cesar refers to Mexico, not El Salvador:

> The child stated that he was *living in a Mexican farm* where he was working. He wakes up at 5:30 AM and starts working. He has breakfast at 8:30 AM and then returns to the farm to continue working. At 1:00 PM one hour lunch. After that, he returns to work until 5:30 PM. Then have relaxing time. The child stated that prior his 11 years old he was living on the street. He was abandoned by his parents at the age of 7 years old. (emphasis added)

In the same admissions document, the following responded was provided to "Other biographical information":

> The child stated that he had changed his living placed different times due to the gangs warnings. He was advised by the gangs members that his better ways [sic] was to join them or be in trouble. The child state that he refused and ha [sic] has been moved to different places.

In such report, Cesar also indicated his parents names as Cesar Gomez and Ana Maldonado. However, Cesar also indicated "does not recall" either parent's address and has had no contact with them since 1997. Cesar has also informed undersigned counsel that he only learned his parents' names through the Guatemalan family that took care of him after his parents abandoned him.

Such admission assessment also confirms Cesar's homeless condition. In response to "Have you ever lived on the street" Cesar was reported to have said "YES" and then explained that he "was abandoned by his parents when he was 7 years old. When he was 8 years old he found a Guatemalan family that cared him for a year [sic]. Then he returned to the street. At the age of 11 years old, the child started working in different places and caring him by his own. [sic].

The admission assessment also confirms Cesar's ongoing inability to demonstrate alienage. On at least one occasion, Cesar recalls having difficulty with Mexican immigration, who ultimately let him go because he was a minor.

c.  Other ORR reports corroborate these relevant details of Cesar's life, reflect that Cesar suffers both emotionally and physically from his traumatic life and has no viable family reunification options. These documents include:

>   i. Psycho-Social Summary & Individual Service Plan (10/10/06) (Exhibit 5 of Respondent Initial Request Letter of December 19, 2006)

>   "Minor was abandoned by parents when he was about 7 or 8 years old. He lived on the streets until he was 11 years old. A Guatemalan family used to give him food for a year. After that he continued living on the streets. Gang member wanted him to join them, they threatened him and he to pay them so he does not have to do everything they want and he had to move frequently. He does not know his family; *he does not know where he was born or when he was born.*
>   (Emphasis added).

>   Minor does not want to come back to Mexico, he does not have anything there; he is afraid of gangs, but he did no have relatives or friends in USA.

>   ii. Addendum of 10/24/06, Boystown/UMP. (Exhibit 6 of Respondent Initial Request Letter of December 19, 2006).

>   "Cesar has been stated that he cannot identify where is he from.

7

He said that has been living in Mexico since he was 7 years old and after his parents left the house he was living with a Guatemalan couple who supported him for approximately 2 years. After that, the child joined to the gangs in the location where he was living with many people from different nationalities. The child stated that he has drugs abused. [sic]

      iii. Catholic Charities Case Note of 10/3/06 - reflecting Cesar's abandonment at age seven and homeless life in Mexico (Exhibit 7 of Respondent Initial Request Letter of December 19, 2006,

      iv. Catholic Charities Case Note of 10/6/06 - reflecting Cesar's severe state of depression ("Minor was with attorney and became very said talking about his life and he was crying and crying.") (Exhibit 8 of Respondent Initial Request Letter of December 19, 2006).

      v. Catholic Charities Case Note of 10/12/06 - reflecting Cesar's abandonment at age seven, homeless life in Mexico and depressed emotional state. (Exhibit 9 of Respondent Initial Request Letter of December 19, 2006,

      vi. ORR/DUCS Transfer Request of October 24, 2006 - reporting "The minor currently has no viable sponsor and no family reunification." (Emphasis added). Also reporting Cesar's psychological diagnosis as "Mood Disorder Not Otherwise Specified and PolySubstance Abuse" and "gang related exposure" to Mexican "maras" gang. (Exhibit 10, Respondent Initial Request Letter of December 19, 2006).

      vii. ORR records also reflect that Cesar has not made a single international call. Such lack of international calls, further corroborate Cesar's abandoned state. (Exhibit 11, Local/International Calling Phone Log for ORR/DUCS Youth, Respondent Initial Request Letter of December 19, 2006)..

**C. Cesar May Be Interviewed By Your Office To Further Establish His Credibility**

It is further an abuse of discretion to make an adverse Credibility determination without a single interview of the minor. A.A.-M. V. Gonzales, 2005 WL 3307531, at * 3-4 (W.D. Wash. Dec. 6, 2005); Zheng v. Pogash, 416 F.Supp. 550, 558-559 (S.D. Tex. 2006).

In this case, Cesar can be interviewed by your office.

WHEREFORE, in the course of reconsidering this request for consent, our office would respectfully request that based upon these additional documents and information you grant consent by:

1. Reconsidering and Determining that Sufficient Proof of Age has been Provided

2. Reconsidering and Recognizing that "Foreign Documentation" of Identity is not Required.

3. Reconsidering and Accepting Cesar has Provide Sufficient Evidence of Abuse and Abandonment or in the Alternative, Interviewing Him Personally.


Respectfully Submitted,

Linda Kelly Hill, Esq.
M. Dale Palmer Professor of Law
(317) 278-4793

# JOHN P. KENNEY, D.D.S., M.S.
Pediatric Dentist
Forensic Odontologist
101 S. Washington Street
Park Ridge, IL 60068-4290
847/698-2088 Voice
847/698-2091 Fax
frnscdds@aol.com

US Office of Refugee Relocation        1/10/07
Washington, DC
Attn: Maureen Dunn, Director
FAX 202- 401-1022

        RE: Caesar Gomez-Maldonado  A 98 66 843
        Stated DOB   1/15/89

Dear Ms. Dunn:

I was contacted about a week ago by a Dr. Ronald Deckard of Vincennes Indiana regarding assistance with dental ageing of the above captioned individual. I advised him that at a minimum, a panoramic x-ray would be necessary to make a determination. On 1/9/07 a copy of a panorex taken 1/3/07 was emailed to my office for review by Karen Kohlhouse of the Southwest Indiana Regional Youth Village.

Based on my review of the radiograph and comparison to the third molar development of Hispanic's study done by Solari and published in the Journal of Forensic Science, it is my opinion that the individual depicted in the submitted radiograph is **likely younger than 18 years of age**. The exam of the teeth are such that they classify somewhere between Class G and Class G1
The probability numbers are for the individual being UNDER 18 years of age, and are all greater than 50%.

| 3rd Molar Classification | by Solari Class | Mean Age | Std Deviation | Probability |
|---|---|---|---|---|
| Maxillary right #1 | G/G1 | 16.7/18.0 | 1.4/1.9 | 82/60% |
| Maxillary left #16 | G/G1 | 16.7/18/0 | 1.4/1.9 | 81/63% |
| Mandibular left #17 | G/G1 | 17.1/18.4 | 1.7/2.2 | 73/53% |
| Mandibular right #32 | G/G1 | 17.1/18.4 | 1.7/2.2 | 77/55% |

Sincerely,

John P. Kenney, DDS, MS D-ABFO

DIPLOMATE: AMERICAN BOARD OF FORENSIC ODONTOLOGY
FELLOW: AMERICAN ACADEMY OF PEDIATRIC DENTISTRY

**Kelly Hill, Linda Ann**

| | |
|---|---|
| **From:** | Dunn, Maureen (ACF) [maureen.dunn@acf.hhs.gov] |
| **Sent:** | Monday, January 29, 2007 12:00 PM |
| **To:** | Pogash, John J; Bonaccorsi-Manno, Sylvia M |
| **Cc:** | Ortiz-Ang, Susana (ACF); Matuszak, Eileen (ACF); Kelly Hill, Linda Ann |
| **Subject:** | Cesar Gomez-Maldonado (98-666-843) |

Hello, John and Sylvia,

As you requested in the meeting on Friday, I am sending you Cesar Maldonado's birth date.

From the forensic evidence, I determined that he is 17 years old. The boy remembers his mother telling him that January 15th is his saint's day and that is the date he has always used to mark his birthday. Therefore, Cesar Gomez-Maldonado's birth date is January 15, 1990.

Thank you and let me know if you need anything else on this particular case.

Maureen Dunn
Director
Division of Unaccompanied Children's Services
Office of Refugee Resettlement
Administration for Children and Families
Department of Health and Human Services
370 L'Enfant Promenade, SW
Washington, DC 20447
202-401-5523

3/8/2007