# EXHIBIT M



**INDIANA UNIVERSITY**

SCHOOL OF LAW
INDIANAPOLIS

M. Yvonne Evans
National Juvenile Coordinator
U.S. Immigration and Customs Enforcement
Office of Detention and Removal Operations
801 I Street, NW, Suite 800
Washington, D.C. 20536

September 14, 2007

**SECOND EXPEDITED REQUEST TO SUPPLEMENT & RECONSIDER
PETITION FOR SPECIFIC CONSENT TO RELINQUISH SIJ**

RE: Cesar GOMEZ- MALDONADO
   A# 98-666-843
   Juvenile, Detained
   DOB: January 15, 1990 (will turn 18 years of age January 15, 2008)

Dear Ms. Evans,

In my letter to you of December 19, 2006, I requested that DHS consent to the state juvenile court's exercise of custody jurisdiction over the above referenced child who is currently being detained by ORR/DUCS at ICC, Chicago, Illinois. (Hereinafter Respondent Initial Request letter of December 19, 2006). In a letter dated February 14, 2007 your office declined to relinquish custody. (Hereinafter Pogash Denial letter of February 14, 2007) On March 20, 2007, I requested a reconsideration of such decision, particularly given that ORR/DUCS authenticated documentation of minor age had now been available. Such reconsideration was denied by your office on June 5, 2007. Having had the opportunity to review your decision, I am writing in the hopes that you reconsider.

This expedited request is made for the following reasons:

1. COMPELLING NATURE OF CHILD'S STATUS AS "STATELESS"
2. CONFIRMATION OF CHILD'S AGE/ IMMINENCE OF 18th BIRTHDAY
3. CONSISTENCY OF CHILD'S ACCOUNT OF ABANDONMENT/ABUSE

**I. CESAR IS A "STATELESS CHILD" AND
FACES THREAT OF LIFELONG DETENTION
IF CONSENT NOT PROVIDED**

My repeated requests for reconsideration is made due to the compelling nature of this case. Cesar is a "stateless" child. Without any knowledge of his home country and no country willing to recognize him as their national, **Cesar faces the very real possibility of lifelong detention if the consent initial step toward SIJ relief is not provided.**

OFFICES OF THE FACULTY

Lawrence W. Inlow Hall
530 West New York Street
Indianapolis, Indiana
46202-3225

317-274-8523
http://indylaw.indiana.edu

1

A. NO COUNTRY WILL CONFIRM THIS CHILD AS THEIR NATIONAL

As previously documented in the first and second requests for consent, neither the Mexican nor El Salvadoran consulate will claim the child as their own. See:
1. DHS I-213 Record of Deportable/Inadmissible (Exhibit 1 of December 19, 2006 Consent Request) (verifying that Mexican Consulate states Cesar is from El Salvador);

2. Salvadoran Consulate letter (Exhibit 15 of December 19, 2006 Consent Request) (stating that can't confirm Cesar is from El Salvador).

B. COMPELLING NATURE OF CASE RECOGNIZED BY ORR/DUCS

Eileen Matuszak, the local DUCS Field Specialist herself states that Cesar's "is a very unusual case in that the boy has lived on his own for many years working and traveling through several countries. He does not know where he was born. Several consulates have tried to make this determination as well, and have not come to any conclusions." (Exhibit A, E-mail of Eileen Matuszak dated January 10, 2007).

Ms. Matuszak's e-mail also again confirms that ORR/DUCS accepts Cesar as a minor with a DOB established by forensics at 1/15/90.

Given the compelling nature of this case, I would urge your office to reconsider your findings. Cesar has consistently stated that he was abused by his parents and abandoned by them at an early age. He has consistently stated that he does not know what happened to his parents and has had no communication with them or anyone who knows their whereabouts since their disappearance. Your denials fail to recognize such compelling facts and ongoing consistencies.

## II. CONCLUSORY BASIS OF DHS DENIAL OF CONSENT OF JUNE 5, 2007

### A. NO SUBSTANTIVE RESPONSE TO ADDITIONAL DOCUMENTATION OF AGE

In your 1 1/4 page denial letter of June 5, 2007, you acknowledge receiving the various documents we provided to corroborate Cesar's age. However, after you "carefully considered" such evidence, you simply state that, "Unfortunately, the additional evidence submitted in this cases does not sufficiently establish that Cesar is an alien eligible for long term foster care as

required to establish eligibility for special immigrant juvenile states. See 8 CFR 204.11(a)."

Beyond such conclusory statement, no substantive basis is provided for denying this request for consent. It remains our contention that Cesar has sufficiently complied with the "other [than foreign] documentation" criteria as a basis to establish age. Again, there is no regulatory requirement of foreign proof of identity. 8 CFR § 204.11(d)(1)   See also Reconsideration letter of March 20, 2007.

### B. PEREZ-OLANO v. CHERTOFF DEPOSITION OF MARIA STOKES CONFIRMS CONSENT DOES NOT REQUIRE IDENTIFY/AGE DOCUMENTATION

Furthermore, even if the proof of age is not deemed acceptable by your office, as Maria Stokes of your office testified in her deposition in the case of Perez-Olano v. Chertoff on August 30, 2007, she has "no recollection" of the absence of age or identity documents being the sole basis for denying consent. (Exhibit B, Maria Stokes Deposition page 34, line 22-0088-1-15).

Therefore, in keeping with such practice, we would request that your office reconsider Cesar's request for consent, review the conclusory and unsupported remarks regarding inconsistences and deem Cesar's statements sufficiently consistent and credible.

### C. NO INCONSISTENCIES EXIST IN CESAR'S STATEMENTS

In Pogash's original denial of February 14, 2007, it was stated that "inconsistent and contradictory statements regarding his nationality; his alleged lack of knowledge of his date of birth; and the lack of information regarding his parent's identity, substantial doubt remains about his true identity."(February 14, 2007 Denial, page 4).

Poghash's original denial of February 14, 2007 does not specify what particular statements made by Cesar gave rise to this conclusion. Without such specificity, we remain at a loss to determine the exact basis for Pogash's original denial. However, based upon the supplied affidavits of Cesar, infra, and recognition of Cesar's stateless situation by ORR/DUCs (see supra II and E-mail of OFF Field Specialist Eileen Matuszak), we would again request your reconsideration.

3

### III. INCONSISTENT TREATMENT BY YOUR OFFICE

AFFIDAVITS OF CESAR NOW PROVIDED
IN LIGHT OF RECENT INCONSISTENT TREATMENT OF OTHER CASES
BY YOUR OFFICE

While both denials in Cesar's case were made without your office being supplied with any affidavit completed by Cesar, in another case you have relayed to my office a request for the child's affidavit prior to any determination. Given the confidentiality of each child's proceedings I ask that you confirm such inconsistent requests for affidavits by reviewing an e-mail sent to me by Maria Stokes on July 13, 2007 at 2:10 in which she ask for another child's affidavit prior to make a consent determination.

In light of requesting an affidavit from the child seeking consent prior to making a determination in other cases, we would ask that you reconsider Cesar's case after having reviewed two affidavits sworn to by Cesar.

A. Affidavit Regarding Arrival in United States (February 23, 2007)

In the first affidavit dated February 23, 2007 (Exhibit C), Cesar again corroborates that he does not know where or when he was born and that he does not know the whereabout of his parents. He further explains that during his encounter with the Border Patrol they did not fully communicate with him in Spanish, nor did they read back any statements taken from him before the had him sign such statement. He further denies that he ever told the officers that he departed from El Salvador at the age of 5 or 6 to Mexico.

B. Affidavit Regarding Life in Mexico (August 29, 2007)

In this second affidavit dated August 29, 2007 (Exhibit D), Cesar again relays his abuse and abandonment by his parents in Mexico. This affidavit again corroborates that Cesar does not know where or when he was born and that he has no contact or knowledge of his parents whereabout.

WHEREFORE, we again urge your office's reconsideration of this most compelling case. No country claims Cesar as their own. Cesar has been abandoned by his parents and has no idea how to find them. Cesar faces lifelong DHS/ORR detention if SIJ relief is not provided.

SIJ could not be granted to a situation more compelling child than this - a "stateless" child with no parents, family, country or home. As earlier requested

in previous letters, we also again ask that your office personally interview Cesar prior to making any negative determination.

We therefore again urge your reconsideration.

Respectfully Submitted,

Linda Kelly Hill, Esq.
M. Dale Palmer Professor of Law
(317) 278-4793

## Kelly Hill, Linda Ann

**From:** Matuszak, Eileen (ACF) [Eileen.Matuszak@ACF.hhs.gov]
**Sent:** Wednesday, January 10, 2007 9:30 PM
**To:** Kelly Hill, Linda Ann; sylvia.bonaccorsi-manno@dhs.gov; Robert.Podgorni@dhs.gov
**Cc:** jharrison@swyouthvillage.com; gabrielamiller@swyouthvillage.com; Ed Hicks; btilly@swyouthvillage.com; cupdike@swyouthvillage.com
**Subject:** FW: Cesar Gomez-Maldonado A98 66 843

Good evening to all,

I am writing to inform you that Maureen has reviewed the forensic evaluation from Dr. John P. Kenney, the forensic odontologist in Park Ridge, Illinois, which shows that the 4 molars have a more than 50 percent probability of indication that the minor is under the age of 18. The probability between all the molars is between 63 percent and 55 percent. Based on the odontologist's report and on DUCS policies and procedures, ORR has determined that Cesar Maldonado will not be turning 18 years old on Monday, January 15, 2007 and that his age is 17. He will remain in our custody. This is a very unusual case in that the boy has lived on his own for many years working and traveling through several countries. He does not know where he was born. Several consulates have tried to make this determination as well, and have not come to any conclusions. We will keep you updated as and if we learn more.

Thank you for your cooperation on this unique case and please let us know if you have any questions on this matter.

-Eileen

1/11/2007

## JOHN P. KENNEY, D.D.S., M.S.
Pediatric Dentist
Forensic Odontologist
101 S. Washington Street
Park Ridge, IL 60068-4290
847/698-2088 Voice
847/698-2091 Fax
frnscdds@aol.com



US Office of Refugee Relocation         1/10/07
Washington, DC
Attn: Maureen Dunn, Director
FAX 202- 401-1022

        RE: Caesar Gomez-Maldonado  A 98 66 843
        Stated DOB   1/15/89

Dear Ms. Dunn:

I was contacted about a week ago by a Dr. Ronald Deckard of Vincennes Indiana regarding assistance with dental ageing of the above captioned individual. I advised him that at a minimum, a panoramic x-ray would be necessary to make a determination. On 1/9/07 a copy of a panorex taken 1/3/07 was emailed to my office for review by Karen Kohlhouse of the Southwest Indiana Regional Youth Village.

Based on my review of the radiograph and comparison to the third molar development of Hispanic's study done by Solari and published in the Journal of Forensic Science, it is my opinion that the individual depicted in the submitted radiograph is **likely younger than 18 years of age**. The exam of the teeth are such that they classify somewhere between Class G and Class G1
The probability numbers are for the individual being UNDER 18 years of age, and are all greater than 50%.

| 3rd Molar Classification | by Solari Class | Mean Age | Std Deviation | Probability |
|---|---|---|---|---|
| Maxillary right #1 | G/G1 | 16.7/18.0 | 1.4/1.9 | 82/60% |
| Maxillary left #16 | G/G1 | 16.7/18/0 | 1.4/1.9 | 81/63% |
| Mandibular left #17 | G/G1 | 17.1/18.4 | 1.7/2.2 | 73/53% |
| Mandibular right #32 | G/G1 | 17.1/18.4 | 1.7/2.2 | 77/55% |

Sincerely,

John P. Kenney, DDS, MS D-ABFO

DIPLOMATE: AMERICAN BOARD OF FORENSIC ODONTOLOGY
FELLOW: AMERICAN ACADEMY OF PEDIATRIC DENTISTRY