# EXHIBIT N

# U.S. INS Advises on Special Immigrant Juveniles

July 9, 1999

Memorandum for Regional Directors
District directors
Officers in Charge
Service Center Directors
Regional Counsel
District Counsel

From: Thomas E. Cook
Acting Assistance Commissioner
Adjudications Division

Subject: Special Immigrant Juveniles - Memorandum #2: Clarification of Interim Field Guidance

On August 7, 1998, the Office of Adjudications issued a memorandum providing interim field guidance on section 113 of Public Law 105-119, amending the special immigrant juvenile (SIJ) provisions of section 101(a)(27)(J) of the Immigration and Nationality Act (INA). The purpose of this memorandum is to provide clarification of the interim field guidance relating to the Attorney General's consent and on the documentation required to support a special immigrant juvenile petition. The clarification that is provided in this memorandum supercedes the previous guidance on these subjects.

**Attorney General's Consent**

New section 101(a)(27)(J) contains two provisions that require the Attorney General to consent in SIJ cases. One provision requires the Attorney General to consent to a juvenile court's jurisdiction over dependency proceedings for a child in the custody of the Immigration and Naturalization Service (INS). The other provision requires the Attorney General to consent to a juvenile court dependency order serving as a precondition to the grant of SIJ status. As an interim measure, district directors, in consultation with their district counsel, should continue to act as the consenting official in these cases.

*Juveniles in INS Custody*

In the case of juveniles in INS custody, the Attorney General's consent to the juvenile court's jurisdiction must be obtained before proceedings on issuing a dependency order for the juvenile are begun. Therefore, if a juvenile court issues a dependency order for a juvenile in INS custody with first obtaining the Attorney General's consent to the jurisdiction, the order is not valid.

Request for the Attorney General to consent to a juvenile court's jurisdiction over a juvenile in INS custody must be made in writing and directed to the district director with jurisdiction over the juvenile's place of residence. The district director, in consultation with the district counsel, should consent to the juvenile court's jurisdiction if: 1) it appears that the juvenile would be eligible for SIJ status if a dependency order is issued; and 2) in the judgement of the district director, the dependency proceeding would be in the best interest of the juvenile.

*Juveniles no in INS Custody*

In the case of juveniles not in INS custody, the Attorney General's consent tot he dependency order must

11/2/2007

be obtained as precondition to the grant of SIJ status. Juvenile courts do not need the Attorney General's consent to take jurisdiction to issue dependency orders for these juveniles. Therefore, in the case of juveniles not in INS custody, INS officials should not become involved in juvenile court proceedings in order to consent to dependency orders. Rather, the Attorney General's consent to the dependency order should be reflected in a grant or denial of the petition for SIJ status.

A dependency order issued for a juvenile not in INS custody may service as a precondition to a grant of SIJ status only if two elements are established. First, a juvenile court must have deemed the juvenile eligible for long-term foster care due to abuse neglect and abandonment. Second, it must have been determined in administrative or judicial proceedings that is would not be in the juvenile's best interest to be returned to the juvenile's or parent's previous country of nationality or country of last habitual residence. If both elements are established, consent to the order serving as a precondition must be granted. If either element is not established, consent must be refused.

If a dependency order or other supporting documentation submitted with a SIJ petition establish the above-mentioned elements for consent, the district director must consent to the order. After the consent is granted, the office should proceed to determine if the juvenile is otherwise eligible for SIJ status. While the record of the proceeding must reflect that he consent elements were established and that consent was granted, a separate notice of consent need not be issued to the petitioner. If SIJ status is ultimately granted, the Attorney General's consent may be implied from the grant. If SIJ status is ultimately denied for other eligibility reasons, the notice of denial should note that consent was granted in addition to the grounds for denial.

If a dependency order or other supporting documentation submitted with an SIJ petition do not establish the consent elements, the district director must refuse to consent to the order and eligibility for SIJ status need not be considered. A notice of denial stating that SIJ status is denied because the Attorney General's consent to the pendency order is a precondition to the grant of status and that the petition failed to establish the requirements for consent must be issued.

Supporting Documentation for SIJ Petitions

SIJ petitions should be filed with INS supported by a juvenile court dependency order. Additional documentation submitted with the petition should include:

- Evidence of the juvenile's date and place of birth;
- Evidence of the juvenile's date and manner of entry into the United States;
- Evidence of the juvenile's current immigration status;
- Evidence that the juvenile's court deemed the juvenile eligible for long-term foster care due to abuse, neglect, or abandonment;
- Evidence that it would not be in the juvenile's best interest to be returned to the juvenile's or the parents' previous country of nationality or country of last habitual residence; and,
- Evidence of the type of proceeding before the juvenile court that resulted in the dependency order.

Evidence that a dependency order was issued on account of abuse, neglect, or abandonment, and that is would not be in the juvenile's best interest to be removed from the United States is crucial to obtaining the Attorney General's consent to the dependency order. Documents filed with the juvenile court would be the most reliable evidence of these elements of consent. However, in many States documents submitted to or issued by the juvenile court in dependency proceedings may be subject to privacy restrictions. Therefore, if a dependency order does not include information establishing these crucial elements and State laws prevent court documents from being submitted to INS, a statement summarizing

the evidence presented to the juvenile court during the dependency proceeding and the court's findings should be sufficient to establish the elements. In order for a statement to serve as acceptable evidence of these elements, the statement should be in the form of an affidavit or other signed, sworn statement, and be prepared by the court or the State agency or department in whose custody the juvenile has been placed. All other evidence the petitioner submits to establish the consent elements must also be considered in determining whether or not to consent to the dependency order.

**Further Information**

If you have questions regarding the information in this memorandum, they may be directed to Ann Palmer, Office of Adjudications at 202-307-0891 or Michael Biggs, 202-353-7705.